UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY,<br>962 Wayne Avenue, Suite 610<br>Silver Spring, MD 20910<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>UNITED STATES GEOLOGICAL SURVEY<br>12201 Sunrise Valley Drive<br>Reston, VA 20192<br><br>　　　Defendant. | Civil Action No.  16-cv-886<br><br>**COMPLAINT** |

**PRELIMINARY STATEMENT**

1. Public Employees for Environmental Responsibility ("PEER") brings this suit under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, as amended, to compel the United States Geological Survey ("USGS") to disclose records that it wrongfully withheld in failing to respond within the statutory deadline to Plaintiff's FOIA request and failing to respond to Plaintiff's administrative appeal within the statutory deadline.

2. Plaintiff is a non-profit organization dedicated to research and public education concerning the activities and operations of federal, state, and local governments.

3. Plaintiff's November 5, 2015 request sought information pertaining to the management of the animal care and use program at USGS National Wildlife Health Center ("NWHC") from January 1, 2013 to present. Such information will clarify whether the program at NWHC is operating in accordance with the guidelines stated in the Animal Welfare Act, 7 U.S.C. § 2131, *et seq.*, as amended, and with the Public Health Service Policy on Humane Care and

Use of Laboratory Animals published by the United States Department of Health and Human Services' National Institutes of Health Office of Laboratory Animal Welfare.  This information is vital to assuring the public that USGS-NWHC maintains these requisite high standards both the sake of the animals themselves and also the reliability of the scientific studies that NWHC conducts involving the animals.

4. The FOIA requires federal agencies to respond to public requests for records, including files maintained electronically, to increase public understanding of the workings of government and to provide access to government information.  FOIA reflects a "profound national commitment to ensuring an open Government" and agencies must "adopt a presumption in favor of disclosure."  Presidential Mem., 74 Fed. Reg. 4683 (Jan. 21, 2009).

5. The FOIA imposes a 20-day time limit both for an agency's initial determination of whether to comply with the request, 5 U.S.C. § 552(a)(6)(A)(i), as well as for an agency's response to a requestor's administrative appeal of the agency's response, *id*., § 552(a)(6)(A)(ii). Agencies may extend this time period only in "unusual circumstances" and then only for a maximum of ten additional working days.  *Id*. § 552(a)(6)(B)(i).

6. After Defendants provided a message on February 16, 2016 stating that there would be a delay in responding to Plaintiff's November 5, 2015 FOIA request, Plaintiff submitted an administrative appeal on March 23, 2016 pursuant to 43 C.F.R. §§ 2.57(7) and 2.59.

7. To date, well over six months from when Defendant USGS received Plaintiff's request and over 20 working days from Plaintiff's administrative appeal, Defendant has failed to produce any responsive records and has failed to respond to the appeal.

8. Defendant's conduct is arbitrary and capricious and amounts to a denial of Plaintiff's FOIA request. USGS's lack of action frustrates Plaintiff's efforts to educate the public about whether USGS NWHC management is adhering to critical animal welfare guidelines.

9. Plaintiff has exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i), and now seeks an order from this Court requiring Defendant to immediately produce the records sought in Plaintiff's FOIA request, as well as other appropriate relief, including attorneys' fees and costs.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B). This Court also has federal question jurisdiction under 28 U.S.C. § 1331.

11. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

12. This Court is a proper venue under 5 U.S.C. § 552(a)(4)(B) (providing for venue in FOIA cases where the plaintiff resides, or in the District of Columbia).

13. This Court has the authority to award reasonable costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

## PARTIES

14. Plaintiff, PEER, is a non-profit public interest organization incorporated in Washington, D.C. and headquartered in Silver Spring, Maryland, with field offices in California, Colorado, Florida, Massachusetts, and Tennessee.

15. Among other public interest projects, PEER engages in advocacy, research, education, and litigation to promote public understanding and debate concerning key current public policy issues.  PEER focuses on the environment, including the regulation of toxic substances, public lands, natural resource management, public funding of environmental and natural resource agencies, and ethics in government.  PEER educates and informs the public through news releases to the media, through its web site, www.peer.org, and through publication of the PEER newsletter.

16. Defendant USGS is an agency of the United States as defined by 5 U.S.C. § 552(f)(1).

17. Defendant is charged with the duty to provide public access to documents in its possession consistent with the requirements of the FOIA.  Here, Defendant has denied Plaintiff access to its records in contravention of federal law.

## STATEMENT OF FACTS

18. On November 5, 2015, Plaintiff submitted its FOIA request to USGS seeking documents relating to the management of the animal care and use program at USGS NWHC. Specifically:

    *1.   For the period of July 11, 2013 to December 31, 2014, all documents and communications between the Department of the Interior (DOI) Office of the Inspector General (OIG), the USGS Directors Office and/or the USGS Midwest Regional Office related to OIG Hotline Complaint Form E000103 submitted on-line on July 11, 2013.*

    *2.   For the period July 11, 2013 to December 31, 2014, all documents and communications from the USGS Midwest Regional Office and the USGS National Wildlife Health Center, evidencing steps they took to respond to the request of DOI OIG / the USGS Director's Office relating to OIG Hotline Complaint Form E000103, including any final report produced and supporting documentation. This specifically includes any communications and documentation regarding the*

       *review of the NWHC Institutional Animal Care and Use program conducted by Dr. Randy See in August-September, 2013.*

    3.    *For the period January 1, 2013 through Present, all documents and communications relating to Semi-Annual Reviews and Inspections of the USGS NWHC Institutional Animal Care and Use Program.*

    4.    *For the period January 1, 2013 through Present, the inventory of all animals by species and number held in the USGS NWHC Animal Isolation Wing, the identity and number of animals that died during this period, the records of all examinations to determine the cause of death of any of these animals, and copies of the Institutional Animal Care and Use Committee Protocol Reviews for studies involving these animals.*

19. In an email dated November 5, 2015, USGS acknowledged the FOIA request, stated that it was received on November 5, 2015, and assigned it control number USGS-2016-00018. This email indicated that PEER's FOIA request fell into USGS's "complex processing track," and therefore that PEER should anticipate a response by February 2, 2016.

20. On February 16, 2016, PEER contacted USGS to check on the status of its request. On February 16, 2016, USGS responded, explaining that "[a]s yet, we have been unable to make a determination on your request, we hope to complete our respond [sic] to you by May 31, 2016." The USGS message provided instructions for seeking an administrative appeal of the delay.

21. On March 23, 2016, PEER filed an administrative appeal via email pursuant to the instructions the Agency provided in its February 16 response. *See* Exhibit 1. As of May 9, 2016, USGS has not responded to or acknowledged the appeal. Well over six months have passed since Defendant received Plaintiff's original FOIA request on November 5, 2015, and over 20 days have passed since Defendant received Plaintiff's administrative

5

appeal. Having fully exhausted its administrative remedies, PEER now turns to this Court to enforce the remedies and public access to agency records guaranteed by the FOIA.

## CAUSE OF ACTION

### Violation of the Freedom of Information Act

22. Plaintiff incorporates the allegations in the preceding paragraphs.

23. Defendant's failure to provide the requested information responsive to Plaintiff's FOIA request and failure to respond to Plaintiff's administrative appeal within the statutory deadline is a constructive denial and wrongful withholding of records in violation of FOIA, 5 U.S.C. § 552, and the United States Department of Interior regulations promulgated thereunder, 43 C.F.R. § 2.1 *et seq.*

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests and prays that this Court:

i. Enter an Order declaring that Defendant wrongfully withheld requested agency records;

ii. Issue a permanent injunction directing Defendant to disclose to Plaintiff all wrongfully withheld records;

iii. Maintain jurisdiction over this action until Defendant is in compliance with the FOIA, the Administrative Procedure Act, and every order of this Court;

iv. Award Plaintiff its attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

v. Grant such additional and further relief to which Plaintiff may be entitled.

Respectfully submitted on May 10, 2016

_____/s/_ Laura Dumais_____

        Laura Dumais, DC Bar # 1024007
        Public Employees for Environmental Responsibility
        962 Wayne Avenue, Suite 610
        Silver Spring, MD 20910
        (202) 265-7337

*Counsel for Plaintiff*